O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTREBERTO DE LA TORRE, an individual, on behalf of himself, the general public and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ALLSTATE INSURANCE COMPANY, a corporation,<br><br>　　　　　　Defendants. | Case No. CV 10-08329 DDP (PLAx)<br><br>**ORDER GRANTING DEFENDANT ALLSTATE'S MOTION TO COMPEL APPRAISAL AND STAYING THE ACTION PENDING CONCLUSION OF THE APPRAISAL PROCESS**<br><br>[Motion filed on 01/18/2011] |

   Presently before the court is Allstate Insurance Company's ("Allstate"'s) Motion to Compel Appraisal and Dismiss Complaint. Austreberto De La Torre ("Plaintiff") opposes the motion. Having reviewed the papers submitted by the parties, considered the arguments contained therein, and heard oral argument, the court GRANTS the motion to compel arbitration and stays the action pending conclusion of the appraisal process.

**I.　Background**

   Allstate issued an insurance policy to Plaintiff which provided coverage for loss caused by fire. (Compl. ¶ 17.) On

1  January 4, 2009, Plaintiff's insured house was damaged by a fire
2  (Id. ¶ 18.) Pursuant to the terms of the policy, Allstate paid
3  Plaintiff the "actual cash value" of the loss. (Id. ¶ 25.) To
4  establish the replacement cost of each item of loss, Allstate
5  looked to retail internet websites and retail stores, estimated a
6  value, added estimated tax, and then deducted depreciation in value
7  based on the age of the property. (Id., Ex. 2.) As part of the
8  actual cash value of the loss, Allstate did not include any
9  estimated shipping charges. (Id., ¶ 22.)
10      In October 2009, Allstate moved this court to dismiss
11 Plaintiff's complaint and compel appraisal. In a November 16,
12 2009, Order, this court denied defendant's motion. (Dkt. No. 31.)
13 On January 18, 2001, Defendant once again moved the court to
14 dismiss Plaintiff's complaint or to compel appraisal. (Dkt. No.
15 12.)
16 **II. Legal Standard**
17      When considering a 12(b)(6) motion to dismiss for failure to
18 state a claim, "all allegations of material fact are accepted as
19 true and should be construed in the light most favorable to the
20 plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).
21 The plaintiff, however, must allege "plausible grounds to infer"
22 that his or her claims rise "above the speculative level." Bell
23 Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). That is,
24 the plaintiff's obligation requires more than "labels and
25 conclusions" or a "formulaic recitation of the elements of a cause
26 of action." Id. at 1964-65. A court need not accept as true
27 conclusory allegations or allegations stating a legal conclusion.
28 In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996);

2

Iqbal v. Ashcroft, 129 S.Ct. 1937, 1940-41 (2009) (holding that mere conclusions are not entitled to the assumption of truth).

### III. Discussion

Allstate argues that dismissal of Plaintiff's complaint is required because Allstate has invoked its contractual right to have the dispute resolved through appraisal. (Def.'s Mot. 1:19-23.) The parties do not dispute that the insurance policy at issue contains a provision, which provides for appraisal. The relevant terms of that agreement are as follows: "In case the insured and [Allstate] shall fail to agree as to the actual cash value or the amount of loss, then, on the written request of either, each shall" submit to an appraisal process outlined in the policy. (Request for Judicial Notice "RJN", Ex. A-10 (emphasis added).) As part of the appraisal process, the appraisers shall state "actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire." (Id.)

Plaintiff argues that the appraisal provision of the contract is inapplicable to his claim. Plaintiff states that he does not dispute the actual cash value nor the amount of loss; rather, Plaintiff argues that Allstate breached the policy by not including shipping charges in the payment of the actual cash value of the loss. (Pl's Opp'n 8:6-12.) Under the express terms of the policy, Plaintiff argues, "the only permissible deduction from the replacement cost value when calculating the actual cash value payment is depreciation," and, therefore, because Allstate calculates its replacement prices based on items purchased over the internet, Allstate is required to include shipping costs in its

actual cash value assessment and cannot deduct shipping. (Pl's Opp'n 5:8-8.)

Allstate represented at oral argument that the actual cash value Allstate calculated to replace Plaintiff's damaged items was not simply the cost of the item based on an internet search, but rather, the price of the goods in Plaintiff's community. Accordingly, Allstate argues that no deduction was made, nor required, for shipping. In short, Allstate argues that the actual cash value calculated by Allstate reflects the market price of the item in Plaintiff's community – not simply the price available over the internet – and shipping costs are, therefore, inapplicable.

Based on Allstate's representations at oral argument, the court concludes that the current dispute is not about shipping costs, but rather, whether the actual cash values calculated by Allstate reflect the cost of obtaining the various items in Plaintiff's community. This is a question of the actual cash value of the particular items. The parties have agreed to resolve questions of actual cash value through the appraisal process, and the parties are bound by the plain language of the insurance agreement to resolve such a dispute through appraisal.

**III. Conclusion**

For the foregoing reasons, Allstate's Motion to Compel Appraisal is GRANTED and the court stays this action pending conclusion of the appraisal process.

IT IS SO ORDERED.

Dated: March 3, 2011

DEAN D. PREGERSON
United States District Judge

4